IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

MARCUS CHARLES WOOTEN                            PLAINTIFF

VS.                                              CIVIL ACTION NO. 3:20-cv-44-CWR-FKB

BILLY SOLLIE, Sheriff;
MELISSA MCCARTER, Major;
K. SELLERS; CASEY SPEARS;
CYNTHIA PORTER;
LIEUTENANT W. RAINEY                              DEFENDANTS

**REPORT & RECOMMENDATION**

This matter is before the Court on Defendants' Motion for Summary Judgment [37] and two motions filed by Plaintiff: (1) Motion "for verification of the filing of Plaintiff's response" [43], and (2) Motion "to set Civil Action for Trial" [45]. In response to Defendants' summary judgment motion [37], Plaintiff filed three responses [39], [40], [44][1] in opposition. Having considered the submissions of the parties, the undersigned recommends that Defendants' summary judgment motion [37] be granted and Plaintiff's motions [43], [45] be denied as moot.

**I. Factual Background**

Plaintiff Marcus Charles Wooten is a convicted and sentenced inmate in the custody of the Mississippi Department of Corrections ("MDOC"). At the time of the incidents giving rise to this action, Wooten was a pretrial detainee at the Lauderdale County Detention Facility ("LCDF") in Meridian, Mississippi. He is proceeding *pro se* and *in forma pauperis*, subject to the Prison Litigation Reform Act ("PLRA"). Wooten claims Defendants subjected him to prison

---

[1] Although styled a "Motion to Deny Summary Judgment" [44], the pleading's content indicates that the motion [44] is more appropriately construed as a response in opposition to Defendants' summary judgment motion.

1

conditions that violated his Fourteenth Amendment[2] right to be free of punishment and the "constitutional right of having [his] religious reading material," presumably under the First Amendment right to free exercise of religion. [1] at 4. Plaintiff has brought this suit pursuant to 42 U.S.C. § 1983.

Plaintiff avers that conditions of confinement at LCDF constitute "cru[el] and unusual punishment." *Id.* at 4 and 6. He alleges in the Complaint [1] that "the water in [the] cells [is] extremely cold," there is "no heat at all on the zone," and "every other day [prisoners] are subjected to stay in [their] cells for 24 hours at a time." *Id.* at 6. Plaintiff maintains that although he has written grievances about the problems at LCDF, the staff has "returned it saying they will put in a maintenance request about it, but weeks later the problems still haven't been fixed." *Id.* At the *Spears*[3] hearing, Plaintiff testified that the temperature issues were not resolved to his satisfaction, but he also acknowledged that multiple attempts were made to fix the cold water issue, and at one point the temperature in the cell "may have gotten a little warmer." [35] at 7:6-23; 11:10-12:4; 13:13-24; 15:19-24.

Regarding his religious materials, Plaintiff claims that the LCDF staff "denied [his] right to receive . . . religious reading materials [sent to him] from [his] family." [1] at 4-5. Plaintiff alleges that although his family sent him religious reading materials in a manner compliant with jail rules, LCDF staff is holding these materials and will not bring them to him unless he donates the religious materials he already has. *Id.* at 5. According to Plaintiff, he has written multiple

---

[2] *See Eason v. Frye*, 972 F. Supp. 2d 935, 941 (S.D. Miss. 2013) ("Pretrial detainees are protected by the Due Process Clause of the Fourteenth Amendment, rather than by the Cruel and Unusual Punishment Clause of the Eighth Amendment.").

[3] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

grievances to Defendants Sellers, Spears, and McCarter, who "either do not give a reply to [his] grievances" or tell him that his family can come pick up the materials they sent to him. *Id.*

Plaintiff filed the instant lawsuit on January 17, 2020. [1] at 4.[4] Defendants have filed a summary judgment motion [37] based upon Plaintiff's failure to exhaust administrative remedies prior to filing suit.

## II.  Summary Judgment Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). An issue of fact is genuine if the "'evidence is sufficient to permit a reasonable factfinder to return a verdict for the nonmoving party.'" *Lemoine v. New Horizons Ranch and Center*, 174 F.3d 629, 633 (5th Cir. 1999) (quoting *Colston v. Barnhart*, 146 F.3d 282, 284 (5th Cir.), *cert. denied*, 525 U.S. 1054, (1998)). Issues of fact are material if "a resolution of the issues might affect the outcome of the suit under governing law." *Lemoine*, 174 F.3d at 633. The Court does not, "however, in the absence of any proof, assume the nonmoving [or opposing] party could or would prove the necessary facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (emphasis omitted). Moreover, the non-moving party's burden to come forward with "specific facts showing that there is a genuine issue for trial," *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986), is not satisfied by "conclusory allegations" or by "unsubstantiated assertions," or by only a "scintilla" of evidence. *Little*, 37 F.3d at 1075.

## III.  Analysis

Under the PLRA, Plaintiff's claims must be dismissed if he has failed to exhaust available administrative remedies prior to filing suit.

---

[4] *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995) (discussing the "bright-line 'mailbox rule' for *pro se* prisoners).

> Exhaustion of administrative remedies through the prison grievance system is a jurisdictional prerequisite for lawsuits filed pursuant to 42 U.S.C. § 1983. *Wright v. Hollingsworth*, 260 F.3d 357 (5th Cir. 2001).
>
>> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.
>
> 42 U.S.C. § 1997e(a). *See Woodford v. Ngo*, 548 U.S. 81, 84 (2006) (holding "proper exhaustion of administrative remedies is necessary"). The Fifth Circuit takes "a strict approach" to the exhaustion requirement. *See Johnson v. Ford*, 261 Fed. App'x. 752, 755 (5th Cir. 2008). Exhaustion is mandatory for "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Alexander v. Tippah County*, Miss., 351 F.3d 626, 630 (5th Cir. 2003) (quoting *Porter v. Nussle*, 534 U.S. 516, 532 (2002)). . . . Merely initiating the grievance process or putting prison officials on notice of a complaint is insufficient to meet the exhaustion requirement—the grievance process must be carried through to its conclusion before suit can be filed under the Prison Litigation Reform Act. *Wright*, 260 F.3d at 358.

*Dahl v. Fisher*, Civil Action No. 1:16CV82-RHW, 2016 WL 7335645, at *2 (S.D. Miss. Dec. 16, 2016) (emphasis added). "Dismissal is appropriate where an inmate has failed to properly exhaust the administrative grievance procedure *before* filing his complaint." *Id.* (emphasis added) (citing *Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012)).

In support of their summary judgment motion, Defendants submitted an affidavit from the Jail Administrator of LCDF, an excerpt from the LCDF Inmate Handbook, and selected Inmate Grievance Reports submitted by Plaintiff. [37-2]. Defendants argue—and Plaintiff does not dispute—that these documents show that Plaintiff had a copy of the Inmate Handbook as of November 10, 2019. *See* [37-2] at 3 and 13. Defendants' summary judgment evidence also indicates that Plaintiff submitted the following pertinent Inmate Grievance Reports to LCDF prior to filing the instant lawsuit: an August 1, 2019 grievance about religious books; an August 1, 2019 grievance about not receiving a handbook; a November 10, 2019 grievance about a religious book;

4

a December 20, 2019 grievance about the water temperature and cell temperature; and a January 13, 2020 grievance about cold water in the cell and unanswered grievances. [37-2] at 11, 12, 13, 19, and 21.  The record does not contain any pre-suit Inmate Grievance Reports regarding 24-hour lockdown.

In a prior legal action filed by Plaintiff, the court summarized the grievance procedure at LCDF as follows:

> Pursuant to LCDF's Inmate Handbook, after completing a grievance form, the inmate must sign it and submit it to a corrections officer, who in turn submits it to his or her immediate supervisor. If necessary, the grievance will be sent to the shift lieutenant and administration. If unsatisfied after receiving a response, the inmate may appeal within **three working days**.

*Wooten v. Sollie*, Civil Action No. 3:19-cv-884-DCB-JCG, 2020 WL 4220121, at *1 (S.D. Miss. July 23, 2020) (emphasis added); *see also* [37-2] at 2, 5, 7-9.  In the case at hand, the Jail Administrator's affidavit states that Plaintiff "did not begin submitting any appeals until after May 22, 2020." [37-2] at 5.  Plaintiff has presented no evidence to the contrary.  Thus, the record supports a finding that Plaintiff appealed none of his Inmate Grievance Reports related to the issues raised in this lawsuit prior to filing suit.

"To exhaust, a prisoner must pursue the grievance process 'to conclusion.'" *Porter v. Peterson*, 747 F. App'x 247, (Mem)–248 (5th Cir. 2019) (citing *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001)).  Further, "[p]roper exhaustion requires that the prisoner not only pursue all available avenues of relief but also comply with all administrative deadlines and procedural rules," and "[a] prisoner cannot satisfy the exhaustion requirement 'by filing an untimely or otherwise procedurally defective administrative grievance or appeal.'" *Bisby v. Garza*, 342 F. App'x 969, 971 (5th Cir. 2009) (citing *Woodford v. Ngo*, 548 U.S. 81, 83-84 and 89-93, 126 S.Ct.

2378, 165 L.Ed.2d 368 (2006)). It follows that Plaintiff Wooten's failure to appeal any pertinent Inmate Grievance Reports prior to suit constitutes a failure to exhaust administrative remedies.

Having reviewed the record, the undersigned finds that Plaintiff failed to exhaust administrative remedies prior to suit. He filed no pre-suit grievance regarding 24-hour lockdowns and did not timely appeal any grievance involving the remaining claims raised in this case. Therefore this action should be dismissed without prejudice.

## IV.  Conclusion

For the reasons set forth above, the undersigned recommends that Defendants' Motion for Summary Judgment [37] be granted and Plaintiff's motions [43], [45] be denied as moot.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

RESPECTFULLY SUBMITTED, this the 3rd day of August, 2021.

/s/ F. Keith Ball
UNITED STATES MAGISTRATE JUDGE