IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**MARCUS CHARLES WOOTEN**                                                                 **PLAINTIFF**

**V.**                                                               **CAUSE NO. 3:20-CV-44-CWR-FKB**

**BILLY SOLLIE,** *Sheriff*, **et al.**                                                   **DEFENDANTS**

**ORDER**

Before the Court are the Magistrate Judge's Report and Recommendation (R&R), Docket No. 46, and plaintiff Marcus Charles Wooten's objection to the R&R, Docket No. 47. The R&R recommends dismissing this case without prejudice for failure to exhaust administrative remedies. Mr. Wooten responds that dismissal is inappropriate because exhaustion is an affirmative defense that should be tried before a jury.

Failure to exhaust is certainly an affirmative defense. *See Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010). That does not, however, automatically mean that it is a jury issue. Because the defendants have met their initial burden at the summary judgment stage, the question is whether Mr. Wooten responded with evidence of a genuine factual dispute on exhaustion for a jury to resolve. *See* Fed. R. Civ. P. 56(a).

On that point, the Magistrate Judge reviewed the available evidence and found no factual dispute regarding Mr. Wooten's failure to timely appeal his grievances. *See* Docket No. 46. Mr. Wooten argues that that was error because in his "August 1, 2019 grievance he refers to an earlier grievance letter that was not responded to or returned." Docket No. 47 at 2. This essentially is an argument that a pre-August 2019 attempt to exhaust was ignored and thus should not be dismissed.

There is no record evidence, however, of any pre-August 2019 attempt to exhaust an issue. The record includes two August 1, 2019 grievances. *See* Docket No. 37-2 at 11-12. They pertain to Lauderdale County's policies regarding books and religious materials. *Id.* But there is no evidence that the plaintiff's prior grievances were ignored or that exhaustion was unavailable. *See Dillon*, 596 F.3d at 267. And any continuing issues about retention of books and religious materials could have been exhausted to their conclusion by filing an appeal of the August 1 denials. The R&R found that no timely appeals were lodged.

For these reasons, the R&R is adopted as this Court's own findings and conclusions, and this case is dismissed for failure to exhaust administrative remedies. A separate Final Judgment shall issue.

**SO ORDERED**, this the 18th day of August, 2021.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE